**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ROBERT SURDAKOWSKI,**

    **Plaintiff,**

vs.                                   **CASE NO. 4:22-CV-00468-WS-MAF**

**R. DIXON,
SEC'Y FLA. DEP'T OF CORR.;
et al.,**

    **Defendants.**
_____/

## O R D E R

Plaintiff, Robert Surdakowski, a prisoner proceeding *pro se* and currently housed at Apalachee Correctional Institution (C.I.), filed a second amended complaint, which the Court reviewed as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court liberally construed Plaintiff's claims. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). After careful consideration, for the reasons stated below, the case should be dismissed.

**I. Standard of Review**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a Plaintiff is proceeding *in forma pauperis*, and "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any

time if the court determines that— . . . the action . . . fails to state a claim on which relief may be granted." "The standards governing dismissals under Rule 12(b)(6) apply to § 1915(e)(2)(B)(ii)." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissal is appropriate here.

A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic

recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II. Plaintiff's Second Amended Complaint, ECF No. 12.

All of the events alleged occurred at Jefferson C.I. ECF No. 12. Plaintiff sues eight prison officials as follows: (1) Ricky Dixon, secretary of Florida Department of Corrections; (2) C. Harrell, the assistant warden; (3) T. Mills, the assistant warden of programs; (4) Senior Chaplain A. Messer; (5) Assistant Chaplain, M. Prevatt; (6) Sgt. J. Austin, a property sergeant; (7) Sgt. C. M. Caccamis, a gang investigator; and (8) Sgt. D. Owens. Id., pp. 1-5. All are sued in their individual and official capacities. Id.

Plaintiff's allegations surround the confiscation of his "religious medicine bag" in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the First Amendment. Id., p. 7. Plaintiff arrived at

Jefferson C.I. on October 7, 2021, with the "approved" bag. Id. A few months later, on January 31, 2022, Assistant Warden Harrell emailed Messer, Prevatt, and Austin and instructed them to confiscate Plaintiff's medicine bag. Id. There is no explanation of why it was confiscated. Messer and Prevatt did not advise Harrell that confiscation of the medicine bag was illegal or that Plaintiff was permitted to possess it under the Florida Administrative Code. Id. Plaintiff alleges this failure to advise Harrell amounts to conspiracy to deprive Plaintiff of the medicine bag. Id.

The same day, Messer, Prevatt, and Austin called Plaintiff to Chaplain Prevatt's office, told him the medicine bag would be confiscated, and gave him a property "confiscation slip." Id. On February 1, 2022, Caccamis impounded Plaintiff's personal correspondence about the confiscation of the medicine bag. Id., p. 8. Two days later, on February 3, 2022, Plaintiff filed a grievance about the confiscation of his medicine bag. Id. On February 7, Caccamis and Harrell retaliated against Plaintiff for filing a grievance by writing a disciplinary report about the contents of his personal correspondence. Id. According to Plaintiff, Caccamis had no approval to write the disciplinary report. Id., p. 9. On February 15, 2022, Owens retaliated by leaving Plaintiff's personal property in an unsecure cell for 24 hours after

taking Plaintiff to confinement. Id., p. 8. Plaintiff's tablet and commissary items were stolen. Id.

On March 2, 2022, Harrell "conspired" to transfer Plaintiff to another prison in Harrell's home county. Plaintiff alleges this was done out of retaliation. Id., p. 9. On March 7, 2022, Warden Mills failed to correct the findings in the disciplinary report and allowed the guilty finding to stand. Id. Warden Mills failed to return Plaintiff's medicine bag. Id.

On April 5, 2022, Secretary Dixon failed to overturn the findings of the disciplinary report. Id., pp. 9-10. Plaintiff claims that the "theory of direct liability" applies, but the Court construes this claim as one made under the theory of vicarious liability or respondeat superior. Plaintiff claims that on April 4-, April 7-, and May 31, 2022, the "designated staff [of]" Secretary Dixon denied the return of his medicine bag. Id., p. 10. Plaintiff alleges that retaliation continues now that he is at Apalachee C.I. – his medicine bag and personal property have not been returned or replaced. Id. Plaintiff claims that the discipline resulted in "aggravat[ing] (2) years on his parole date." Id., p. 11. Apparently, two years were added to his parole date.

Plaintiff seeks the following injunctive relief: "Do not confiscate or mess with my medicine bag"; the termination of Harrell, Messer, Prevatt, and Austin; and the demotion of Caccamis and Owens. Id., p. 12. Plaintiff seeks

compensatory damages for the loss of his property; $1,000 per day for each day he has been deprived of his medicine bag; and $100 per day for each day he was deprived of his personal property. Id., pp. 12-13. Plaintiff asks for punitive damages against Harrell, Mills, Messer, Prevatt, Austin in the amount of $100,000 for the First Amendment violations. Id., p. 13. He seeks $50,000 in punitive damages from Dixon, Caccamis, and Owens for their conspiracy to deprive Plaintiff of his other personal property. Id., p. 13. Finally, Plaintiff seeks any other relevant relief including fees, costs, attorney's fees, and other expenses. Id. Remarkably, Plaintiff is not asking for the return or replacement of his medicine bag.

### III. Official Capacity Claims

Florida's sovereign immunity extends to its agencies, subdivisions, or officers. See Alabama v. Pugh, 438 U.S. 781, 782 (1978); Fitzgerald v. McDaniel, 833 F.2d 1516 (11th Cir. 1987). That "bar exists whether the relief sought is legal or equitable." Papasan v. Allain, 478 U.S. 265, 276 (1986). Naming a government official in his official capacity is the equivalent of naming the governmental entity itself. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). A state official, however, may be sued in his official capacity when the suit alleges a constitutional violation by the official, acting in his

official capacity and seeks only prospective injunctive relief. See Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011).

The State of Florida is immune from monetary damages based upon the Eleventh Amendment. Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1512-13 (11th Cir. 1986). This is so because the Eleventh Amendment of the U.S. Constitution bars suit against a state in federal court absent valid congressional override, waiver of immunity, or consent to suit. See Wusiya v. City of Miami Beach, 614 F. App'x 389, 393 (11th Cir. 2015). Section 1983 does not abrogate state sovereign immunity for damage suits; and Florida has not waived its immunity from § 1983 suits. See id. A state and an agency of a state (i.e. the Florida Department of Corrections) are thus immune from liability under § 1983. See Williams v. Robbins, 153 F. App'x 574, 576 (11th Cir. 2005). Of course, suits for nominal damages against state officers in their official capacities are included in this Eleventh Amendment bar. See Simmons v. Conger, 86 F.3d 1080, 1086 (11th Cir. 1996) (finding district court erred in awarding nominal damages against a judge sued in his official capacity because the relief was barred by Eleventh Amendment).

Here, Plaintiff is suing all Defendants in their individual- and official capacities and is seeking monetary damages. Significantly, Plaintiff had

opportunity to amend his complaint and the benefit of the Court's advisement that official capacity claims would be dismissed on this basis. See ECF Nos. 4, 11. Because the Eleventh Amendment bars suits for money damages, all official capacity claims should be dismissed.

## IV.   Claims Based on a Theory of Respondeat Superior

To the extent Plaintiff's claims against Warden Harrell and Secretary Dixon are pursued under a theory of vicarious liability, "liability under § 1983 may not be based on the doctrine of *respondeat superior*." Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003); see Denno v. Sch. Bd. of Volusia Cty., 218 F.3d 1267, 1276 (11th Cir. 2000), cert. den'd, 531 U.S. 958 (2000). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted).

Plaintiff must establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to

stop it." Craig, 643 F.3d at 1310 (citation omitted). At best, Plaintiff's allegations demonstrate an isolated instance. Because Plaintiff's allegations do not include any facts to suggest a policy or custom was the moving force behind the alleged violations, the *respondeat superior* claims fail. Plaintiff had the opportunity to amend his complaint; and the Court, on at least two occasions, advised him certain claims would be dismissed on this basis. ECF Nos. 4, 11. Plaintiff's deficiency remains unresolved; thus, these claims should be dismissed.

## V.  RLUIPA and First Amendment Claims

Plaintiff presents his claims under the First Amendment and RLUIPA. However, relief is not available under Section 1983 for First Amendment claims involving alleged restrictions on religious freedom. Thus, the religious exercise claims should be dismissed. For alleged violations by state actors, Congress enacted RLUIPA to provide confined persons greater protection of religious exercise than what the Constitution itself affords under the First Amendment.

Under Section 3 of RLUIPA:

> no government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution..., even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person is in furtherance of a compelling governmental interest and is

the least restrictive means of furthering that compelling interest.

42 U.S.C.A. § 2000cc-1(a). To succeed on his primary RLUIPA claim, Plaintiff must present a *prima facie* case:

> plaintiff must demonstrate 1) that he engaged in a religious exercise; and 2) that the religious exercise was substantially burdened . . . The plaintiff 'bear[s] the burden of persuasion on whether the . . . government practice that is challenged by the claim substantially burdens the exercise of religion.' . . . If the plaintiff succeeds in demonstrating a prima facie case, the government must then demonstrate that the challenged government action is 'is in furtherance of a compelling governmental interest' and 'is the least restrictive means of furthering that compelling governmental interest.' . . . In contrast, if the plaintiff fails to present evidence to support a prima facie case under RLUIPA, the court need not inquire into whether the governmental interest at stake was compelling.

Smith v. Allen, 502 F.3d 1255, 1276 (11th Cir. 2007). Plaintiff has not stated sufficient facts to support a *prima facie* case. Ultimately, all that Plaintiff states in his complaint is that his medicine bag was confiscated by Messer, Prevatt, and Austin at the direction of Warden Harrell. Those facts -- without more and without addressing his engagement of religious exercise or how his religious exercise was substantially burdened -- are insufficient to state a claim for relief. The Court advised Plaintiff of this deficiency and ordered him to amend. ECF Nos. 4, 11. Still, Plaintiff fails to state a claim for relief.

Case No. 4:22-cv-00468-WS-MAF

## VI. First Amendment Retaliation Claims are Barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994).

Plaintiff claims that the disciplinary report was issued against him in retaliation for filing a grievance about the confiscation of his medicine bag. ECF No. 12, pp. 8-9. Notably, Plaintiff alleges that this disciplinary report "aggravated" his parole date by two years – apparently, extending his parole date. <u>Id.</u>, p. 11. Plaintiff claims that the disciplinary report was made without the proper approval, on a "non-existent offense," and should have been dismissed by prison administrators. <u>Id.</u>

It is well settled that state prisoners are barred from pursuing Section 1983 actions that, if successful, would necessarily imply the invalidity of a conviction. <u>Heck</u>, 512 U.S. at 485. The same applies when a plaintiff's factual allegations, if proven, would necessarily imply the invalidity of a prison disciplinary record. <u>Edwards v. Balisok</u>, 520 U.S. 642, 648 (1997). Conversely, "as long as it is possible that a § 1983 suit would not negate the underlying [punishment], then the suit is not Heck-barred." <u>Dyer v. Lee</u>, 488 F.3d 876, 880 (11th Cir. 2007).

There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." <u>McCarthy v. Bronson</u>, 500 U.S. 136, 140 (1991 (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 (1973).

Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994).

"The Court's purpose was to limit the opportunities for collateral attack on [criminal] convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (internal citations omitted). Thus, unless a plaintiff can demonstrate that the conviction, sentence, or disciplinary report "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," the complaint must be dismissed. Heck, 512 U.S. at 487.

Heck "is not categorically applicable to all suits challenging prison disciplinary actions." Pittman v. Tucker, 213 F. App'x 867, 869 (11th Cir. 2007). But when it affects a prisoner's sentence—e.g., when good-time credits are at stake—Heck applies. That is the case here. Plaintiff is directly challenging the validity of the disciplinary report and the impact it has on his parole date.

## VII.     Retaliatory Transfer

It is well settled that prison officials may not retaliate against inmates for filing lawsuits or administrative grievances. Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). Inmates do not have a constitutionally protected liberty interest against being transferred to a less agreeable prison, but a transfer in retaliation for exercising the right to file a grievance can violate the First Amendment. See Bridges v. Russell, 757 F.2d 1155, 1157 (11th Cir. 1985); Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989).

Although Plaintiff alleges a constitutional violation occurred, the complaint fails to allege facts that associate Harrell with the retaliatory transfer. Plaintiff alleged that Harrell directed the confiscation of the medicine bag via email and Plaintiff filed a grievance, but the assertion that "Warden Harrell conspired to have . . . Plaintiff transferred to" a tougher prison "in . . . Harrell's . . . home county," without more, is insufficient. Id., p. 9. This assertion does not raise Plaintiff's right to relief against Harrell above the speculative level. Twombly, 550 U.S. at 555. Plaintiff had multiple opportunities to amend his complaint and was previously advised that claims pled in a shotgun fashion would likely be dismissed. As is, Plaintiff fails to state a claim for retaliatory transfer; dismissal is appropriate.

**VIII.    Deprivation of Personal Property without Due Process**

To the extent Plaintiff alleges that he was deprived of his personal property and medicine bag without due process of law, these claims cannot survive. The Due Process Clause of the Fourteenth Amendment protects inmates from being deprived of personal property without due process of law. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, a negligent or unauthorized intentional deprivation of an inmate's personal property by a state employee "does not constitute a violation of Due Process if a meaningful [state] post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).

Florida state law provides an adequate alternate remedy. Florida has expressly waived state sovereign immunity for tort suits involving, *inter alia*, loss of property caused by state employees or agents acting within the scope of their employment. See Fla. Stat. § 768.28(1). The statute does not allow for punitive damages. Fla. Stat. § 768.28(5)(a). Accordingly, the claims for the negligent or wrongful confiscation of personal property should be dismissed. Plaintiff may choose to avail himself of the state remedy before a state tribunal.[1]

---

[1] "Any such action may be brought in the county where the property in litigation is located or, if the affected agency or subdivision has an office in such county for the transaction of its customary business, where the cause of action accrued." Fla. Stat. § 768.28(1).

## IX. The Remedies Plaintiff Seeks Are Unavailable

### A. Monetary Damages

Even if Plaintiff could properly state a RLUIPA claim, as a matter of law, RLUIPA does not authorize claims for monetary damages against prison officials in their individual- or official capacities. See Davila v. Gladden, 777 F.3d 1198, 1210 (11th Cir. 2015); San Antonio v. Henry, 618 F. App'x 554, 557 (11th Cir. 2015) (the "only relief" a prisoner plaintiff "may obtain for a RLUIPA violation is declaratory and injunctive relief"). Again, as stated above, monetary damages against state officials in their official capacities is also barred by Eleventh Amendment immunity. Thus, Plaintiff's claims for monetary damages may be dismissed. Without the availability of monetary damages, only the claims for injunctive relief remain.

### B. Injunctive Relief

Plaintiff's request to terminate the employment of prison officials or demote them to a lesser position within the Department of Corrections or at Jefferson C.I. cannot survive. The Court has no authority to grant such relief in a Section 1983 action. A court order directing prison officials to impose sanctions on an employee or to specify the conditions under which the employee should be employed 'unnecessarily intrudes on [the prison's] operations' and is 'an inappropriate use of the court's equity powers."

Case 4:22-cv-00468-WS-MAF   Document 13   Filed 04/27/23   Page 16 of 17

Page 16 of 17

LaMarca v. Turner, 995 F.2d 1526, 1543 (11th Cir. 1993). Nor can the Court require any disciplinary proceedings be initiated against any defendant.

Finally, the transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief for two reasons: "(1) it can be said with assurance that 'there is no reasonable expectation . . .' that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (citations omitted). "An inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." Wahl v. McIver, 773 F.2d 1169 (11th Cir. 1985) citing Dudley v. Stewart, 724 F.2d 1493, 1494-95 (11th Cir. 1984).

Here, Plaintiff is no longer housed at Jefferson C.I. He was transferred to Apalachee C.I. on March 2, 2022. Because the only remaining remedy for Plaintiff would be injunctive relief, and his transfer moots those claims, the case should be dismissed. The Court previously advised Plaintiff these claims would likely be dismissed as moot, but the amended complaint is clear that mootness continues to bar his claims for injunctive relief.

Case No. 4:22-cv-00468-WS-MAF

## X. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** because Plaintiff fails to state a claim, certain claims are barred by Heck, the Eleventh Amendment, and mootness due to Plaintiff's transfer. It is further recommended the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida on April 27, 2023.

>   s/ Martin A. Fitzpatrick                     
>   **MARTIN A. FITZPATRICK**
>   **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).